78 F.3d 459
 34 Fed.R.Serv.3d 832
 John GABOR and Kay Gabor, Plaintiffs-Appellants,
v.
Michael S. FRAZER; Santa Clara Valley Humane Society;
State Board of Equalization; Steve Gibbons; American
Kennel Club, Inc., aka AKC; Franchise Tax Board; Fred
Berkey; John Cornelius; Cynthia K. Wright; Paul R.
Firling, AKC; Maxine Patton; Andrea San Phillipo; Rita
Perko; Rick Lamps, Defendants-Appellees.
 No. 94-17133.
 United States Court of Appeals,
Ninth Circuit.
 March 7, 1996.
 
 John and Kay Gabor, Campbell, California, in pro se for the plaintiffs-appellants.
 Dennis B. Kavanagh, Law Offices of Alton M. Chambliss, San Francisco, California, for defendant-appellee, Andrea San Phillipo.
 Jeffrey R. Kurtock, Lewis, D'Amato, Brisbois & Bisgaard, San Francisco, California, for defendants-appellees, American Kennel Club and Paul Firling.
 Philip A. Torre, San Francisco, California, for defendant-appellee, Rita Perko.
 Stephen D. Pahl, Pahl & Gosselin, San Jose, California, for defendant-appellee, Maxine Patton.
 Paul D. Gifford, Deputy Attorney General, Oakland, California, for defendants-appellees, California State Board of Equalization, California Franchise Tax Board, Fred Berkey, John Cornelius and Cynthia Wright (Vance).
 Jacquelyn K. Wilson, Gassett, Perry & Frank, San Jose, California, for defendants-appellees, Humane Society of Santa Clara Valley and Michael Frazer.
 Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 ORDER
 
 1
 In a separately filed memorandum, we addressed the merits of appellants John and Kay Gabors' (Gabors) appeal. Specifically, we affirmed the district court's dismissal of their complaint with prejudice. In this order, we address the appellees' requests for attorney fees and costs, pursuant to Federal Rule of Appellate Procedure 38 (1994).
 
 
 2
 Appellees Andrea San Phillipo, Rita Perko, Maxine Patton, and the Santa Clara Valley Humane Society request an award of attorney fees and costs, contending the Gabors' appeal is frivolous. The appellees request these fees only in their appellate briefs and not in a separately filed motion.
 
 
 3
 The 1994 amendment to Federal Rule of Appellate Procedure 38 permits an award under this rule only "after a separately filed motion or notice from the court and reasonable opportunity to respond."[1] The advisory committee notes to this amendment state that a request for sanctions in a party's appellate brief does not provide sufficient notice to the opposing party. Id., Advisory Committee Notes. Accordingly, the appellees' request for an award of attorney fees under Rule 38 is DENIED without prejudice to the appellees requesting such an award of fees and costs in a separately filed motion.
 
 
 
 [1]
 After the 1994 amendment, Rule 38 provides:
 If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee.
 Fed.R.App.P. 38.