87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lu TIONG, Plaintiff-Appellee,
O'Flaherty & Belgum, Appellant,
v.
MIDWAY HOSPITAL MEDICAL CENTER, Defendant.
 No. 95-55074.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1996.*
Decided June 13, 1996.
 
 Before: FARRIS, FERNANDEZ and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Midway Hospital Medical Center (Midway) and its law firm O'Flaherty & Belgum (O'Flaherty) appeal the district court's order awarding costs and attorney's fees against Midway and Rule 11 sanctions against O'Flaherty for the improper removal of plaintiff Tiong's amended complaint. We affirm.
 
 
 3
 On June 3, 1994, Tiong filed a complaint alleging, inter alia, wrongful termination in violation of state and federal public policy, citing the California Constitution and 21 C.F.R. § 606.170. In his August 5, 1994 response to Midway's demurrer, Tiong relied solely upon 21 C.F.R. § 606.170 to support his wrongful termination claim.
 
 
 4
 The state court granted Midway's demurrer, but granted Tiong leave to amend. Tiong served Midway with an amended complaint on August 18, 1994, a portion of which cited 21 C.F.R. § 606.170. Midway demurred, and the state court denied the demurrer on October 17, 1994. Midway filed a notice of removal on October 28, 1994, asserting federal question jurisdiction under 21 C.F.R. § 606.170. The district court granted Tiong's remand motion, finding Midway had failed to file a notice of removal within thirty days after receiving a copy of the initial pleading setting forth the claim for relief upon which removal might be based. The court also granted Tiong $1,425 in costs and attorney's fees under 28 U.S.C. § 1447(c) against Midway and, finding the removal frivolous, imposed $1,000 in sanctions under Rule 11 against O'Flaherty.
 
 
 5
 Midway and O'Flaherty contend on appeal the October 28, 1994 removal was timely because Tiong's October 7, 1994 response to the demurrer was the first time Midway had notice of Tiong's reliance upon 21 C.F.R. § 606.170. The record does not support this argument. The portion of Tiong's October 7, 1994 response upon which Midway relied is contained almost verbatim in Tiong's August 5, 1994 response to Midway's initial demurrer. Midway's removal over eighty days later was untimely. The district court properly awarded costs and attorney's fees under 28 U.S.C. § 1447(c).
 
 
 6
 Even if timely filed, removal was clearly improper. The mere recitation of a federal regulation as support for a state law wrongful termination claim is not sufficient to create federal question jurisdiction. Rains v. Criterion Systems, 80 F.3d 339, 344 (9th Cir.1996). Furthermore, even if Tiong were required to prove a violation of 21 C.F.R. § 606.170, federal question jurisdiction would still be lacking. If a federal law does not provide a private right of action enforceable in federal court, then a state law action based on its violation does not raise a substantial federal question sufficient to create federal question jurisdiction. Merrell Dow Pharmaceuticals v. Thompson, 478 U.S. 804, 814 (1986). The Ninth Circuit applied this principle in Utley v. Varian Assocs., 811 F.2d 1279, 1283 (9th Cir.), cert. denied, 484 U.S. 824, 108 S.Ct. 89 (1987), a case cited by Tiong but never addressed by Midway below. Because 21 C.F.R. § 606.170 deals only with procedures a health facility must follow in certain situations and does not create a private right of action, no federal question jurisdiction exists.
 
 
 7
 Because the removal was untimely and would have been improper even if timely filed, the district court properly awarded Rule 11 sanctions for the frivolous removal.
 
 
 8
 Tiong's request in briefing for frivolous appeal sanctions is not properly before this Court. See Gabor v. Frazer, 78 F.3d 459, 459 (9th Cir.1996) (requiring motion, with opportunity to respond).
 
 
 9
 The district court's order is AFFIRMED. Tiong's request for further sanctions on appeal is DENIED without prejudice.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3