116 F.3d 483
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re: Will K. ELLWANGER; Helen Ellwanger, aka Helen
Immelt, Debtors.
Estate of Betty Joyce MCBROOM, Appellee,
v.
Will K. ELLWANGER; Helen Ellwanger, Appellants.
 No. 96-35044.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 3, 1997**
Decided June 12, 1997.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-95-05224-FDB; Franklin D. Burgess, District Judge, Presiding.
 Before: WRIGHT, PREGERSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Debtor Helen Immelt appeals from the district court's order affirming the bankruptcy court's judgment that a surcharge imposed against Immelt by a state probate court was nondischargeable, pursuant to 11 U.S.C. § 523(a)(4). We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and we affirm.
 
 
 3
 Pursuant to section 523(a)(4), a debt is not dischargeable if it was incurred for "defalcation[1] while acting in a fiduciary capacity...." 11 U.S.C. § 523(a)(4). For a debt to be nondischargeable under the defalcation prong of section 523(a)(4), the debtor must have "acted as a fiduciary ... at the time the debt was created." In re Niles, 106 F.3d 1456, 1459 (9th Cir.1997); see also In re Lewis, 97 F.3d 1182, 1185 (9th Cir.1996).
 
 
 4
 Immelt contends she did not incur at least a portion of the surcharge while acting as the administrator. She contends she received three sums prior to her appointment as administrator and, thus, any misappropriation of these Estate assets occurred prior to her appointment as a fiduciary.
 
 
 5
 The bankruptcy court determined that the law of the case doctrine precluded Immelt from relitigating an earlier bankruptcy court's finding that the surcharge was imposed based on her malfeasance or misfeasance as administrator of the Estate. Alternatively, the bankruptcy court determined Immelt was collaterally estopped from relitigating the state probate court's finding that Immelt committed malfeasance in her role as administrator. We agree with both determinations.
 
 A. Law of the Case
 
 6
 Pursuant to the law of the case doctrine, "[a] decision on a factual or legal issue must be followed in all subsequent proceedings in the same case in the trial court ... " Pit River Home and Agric. Coop. Ass'n v. United States, 30 F.3d 1088, 1096 (9th Cir.1994) (quotations and citation omitted). The prior finding should be followed unless " the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." Id. at 1096-97 (quotation and citation omitted).
 
 
 7
 None of the exceptions apply. The evidence before the bankruptcy court was not substantially different than the evidence before the earlier bankruptcy court, and there has been no contrary, intervening legal decision. Further, the earlier court's finding was not clearly erroneous. Immelt incurred the surcharge debt while acting in her capacity as administrator. The basis for the surcharge was her inability, as the administrator, to submit an accurate accounting of the Estate's assets. Beyond her embezzlement of the tax refunds, the state court did not impose a penalty for the misappropriation of Estate assets. Further, even if she misappropriated the three sums prior to her appointment, "a debt can be nondischargeable for embezzlement under 523(a)(4) without the existence of a fiduciary relationship." In re Littleton, 942 F.2d 551, 555 (9th Cir.1991). The bankruptcy court did not err by applying the law of the case doctrine and refusing to relitigate whether Immelt incurred the debt while acting as the administrator.
 
 B. Collateral Estoppel
 
 8
 The bankruptcy court also did not err by giving collateral estoppel effect to the state probate court's finding. Immelt contends the state court's finding was not necessary to its judgment. See, e.g., Four Star Elec. v. F & H Constr., 7 Cal.App. 4th 1375, 1379-80 (Cal.Ct.App.1992) (requiring showing that issue was necessary to judgment). The state probate court, however, necessarily had to find that Immelt committed the malfeasance while acting as the administrator. As discussed above, the state court imposed the surcharge because, as the administrator, Immelt failed to submit an accurate accounting for the Estate's assets.
 
 C. Rule 41(b)
 
 9
 Immelt also appeals the bankruptcy court's refusal to dismiss McBroom's adversary proceeding. She contends McBroom failed to timely prosecute the action and the lapse of time prejudiced her position because one witness died and other witnesses cannot be located.
 
 
 10
 We reject this argument. The bankruptcy court correctly found that the time lapse did not prejudice Immelt. No further hearing was necessary because the law of the case doctrine and collateral estoppel prevented the relitigation of whether Immelt incurred the surcharge debt while acting as the administrator.
 
 D. Attorney Fees and Costs
 
 11
 The Estate seeks attorney fees and costs pursuant to Federal Rule of Appellate Procedure 38. The Estate requests fees only in their appellate brief. Rule 38 requires a separately filed motion. See Fed. R.App. P. 38; Gabor v. Frazer, 78 F.3d 459, 459 (9th Cir.1996). Accordingly, the Estate's request for fees and costs is denied without prejudice to the Estate requesting such an award in a separately filed motion.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Defalcation is defined as "the misappropriation of trust funds or money held in any fiduciary capacity; the failure to properly account for such funds" and "includes the innocent default of a fiduciary who fails to account fully for money received." In re Lewis, 97 F.3d 1182, 1186 (9th Cir.1996) (quotations and citation omitted)