131 F.3d 147
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Parviz KARIM-PANAHI, Plaintiff-Appellant,
v.
Pete WILSON, Governor of the State of California;
Governor's Office of Emergency Services of the State of
California/OES; Richard Andrews, OES Director; D.A.
Christian, OES Public-Assistance Manager (South); Bruce
Ward, OES Deputy Director; John Eastman, OES Chief
Administrator; Paul Flores, OES Chief (South), Parsons,
Brinckerhoff, Quade & Douglas, Inc., City of Arcadia, City
of Pasadena, et al., Defendants-Appellees.
 No. 96-55843.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 16, 1997.**
Decided Nov. 26, 1997.
 
 Appeal from the United States District Court for the Central District of California Mariana R. Pfaelzer, District Judge, Presiding
 Before: CHOY, FERGUSON, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Parviz Karim-Panahi appeals pro se the district court's order dismissing with prejudice this amended complaint for failure to comply with the pleading requirements of Fed.R.Civ.P. 8 and for failure to comply with the court's order to amend in accordance with Rule 8's requirements of a "short and plain statement of the claim" and that pleadings be "simple, concise and direct". Fed.R.Civ.P. 3(a)(2) & 8(e)(1). We confirm.
 
 1. Dismissal of the Amended Complaint
 
 3
 Karim-Panahi appears to contend that the district court abused its discretion by dismissing his amended complaint for failing to cure the deficiencies in his original complaint. This contention lacks merit.
 
 
 4
 The court informed Karim-Panahi that his original complaint (1) failed to distinguish among defendants and show particular claims against each one; (2) grouped defendants in unmeaningful ways; (3) inapproprlately brought criminal actions; and (4) was generally rambling and rot intelligible. The court also told Karim-Panahi that the nine motions to dismiss filed against his original complaint contained good arguments and that Karim-Panahi should review them and amend his original complaint accordingly.
 
 
 5
 Karim-Panahi filed an amended complaint that failed to cure these deficiencies. His allegations remained disorganized, rambling and incomprehensible. Although Karim-Panahi attempted to clarify some deficiencies by reorganizing some allegations in his amended complaint, the amended complaint continued to fail to distinguish claims against particular defendants and continued to group defendants as in the original complaint. The amended complaint was 73 pages, 30 pages longer than the original complaint, and appeared to contain even more causes of action, including alleged violations of the law of war.
 
 
 6
 Because Karim-Panahi failed to comply with the district court's order to cure the deficiencies in compliance with Fed.R.Civ.P. 8(a)(2) and 8(e)(1), the district court did not abuse its discretion by dismissing this action pursuant to Fed.R.Civ.P. 41(b). See Nevijel v. North Coast Life Insurance Co., 651 F.2d 671 at 673 (9th Cir.1981).
 
 
 7
 2 Dismissal of the original Complaint with Leave to Amend
 
 
 8
 To the extent that Karim-Panahi contends that the district court erred by dismissing his original complaint with leave to amend, his contention lacks merit, Because the district court provided the requisite notice of the original complaint's deficiencies and provided Karim-Panahi opportunity to amend, it did not err by dismissing the original complaint without prejudice. See Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, at 623-24 (9th Cir.1988)
 
 
 9
 3. Court-Ordered Sanctions against Appellant
 
 
 10
 Appellee City of Arcadia ("Arcadia") requests that this court order monetary sanctions against Karim-Panahi for filing a frivolous appeal.
 
 
 11
 The Federal Rules of Appellate Procedure authorize this court to determine that an appeal is frivolous and, after a separately filed motion or notice from the court with reasonable opportunity for the appellant to respond, award just damages and single or double costs to the appellee. See Fed. R.App. P. 38; Gabor v. Frazer, 78 F.3d 459, 460 (9th Cir.1996). Because Arcadia did not separately file for sanctions, we deny this request without prejudice to Arcadia requesting such award in a separately filed motion.
 
 
 12
 AFFIRMED. Costs on this appeal shall be borne by appellant Karim-Panahi.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3