**Elizabeth HOFFMAN, Plaintiff–Appellant,**

**v.**

**CONTRA COSTA COLLEGE; Contra Costa Community College District; Carol Stanton; Mickey Matthews; Charles C. Spence; Alissa Scanlin Defendants–Appellees.**

No. 00–15655.

D.C. No. CV–98–003248–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 2001.*

Decided Nov. 9, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, RYMER, WARDLAW, Circuit Judges.

## MEMORANDUM **

Elizabeth Hoffman ("Hoffman") appeals from the grant of summary judgment in favor of Contra Costa College ("CCC"), on her claims under the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131, the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the California Unruh Civil Rights Act, Civil Code § 51 *et seq.*[1] We review the district court's grant of summary judgment *de novo,* noting that an educational institution's academic decisions are entitled to deference. *Wong v. Regents of University of California,* 192 F.3d 807, 817 (9th Cir.1999). We have jurisdiction pursuant to 28 U.S.C. § 1291.

▬ Hoffman, who suffers from multiple sclerosis, first argues that the district court erred because the instructor of her mathematics course, rather than the designated Disabled Students Program & Services Office ("DSPS"), was allowed to determine what accommodations were appropriate, preventing her from using her own personal notes during examinations. As the district court noted, however, and as Hoffman concedes, the DSPS did determine her reasonable accommodations. In response to her notice to the DSPS, it granted her request for reasonable accommodations, providing additional time to take examinations and a quiet place to take them. Later, when Hoffman discovered that her disease impaired her ability to memorize mathematical formulas, the DSPS allowed Hoffman the use of formula sheets during her mathematics courses.

While her mathematics teacher complied with the reasonable accommodations agreed to between Hoffman and the DSPS, the teacher denied Hoffman's request to use her personal notes and materials other than the formulas, which she had compiled in a binder. The district court correctly found that this did not violate Hoffman's ADA rights. Educational institutions need only make reasonable accommodations. *See Alexander v. Choate,* 469 U.S. 287, 300, 105 S.Ct. 712, 83 L.Ed.2d 661 (1985). The DSPS's determination that Hoffman could use formula sheets did not give Appellant carte blanche to use any materials she deemed appropriate.

In any event, the DSPS did allow Hoffman to use her binder, albeit in a different mathematics section. She claims this too violated her right to reasonable accommodations because she was denied, on the basis of her disability, the opportunity to take the mathematics section that best fit her schedule. As the district court noted, however, Hoffman's position, indeed her entire complaint, rests on a misunderstanding of disability laws as creating absolute rights to those accommodations demanded by the disabled individual. Because under the disability laws, educational institutions need not provide what is best for the students, but are only required to make reasonable accommodations, *Wong,* 192 F.3d at 818; *Zukle,* 166 F.3d at 1046, the district court did not err in rejecting this claim.

Finally, Hoffman argues that CCC ignored her request for reasonable accommodations. Because this contention flatly contradicts the undisputed evidence in the record, this argument also fails. As the

---

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The analysis of the rights and obligations created by these disability laws is the same. *See Zukle v. Regents of the University of California,* 166 F.3d 1041, 1045 n. 11 (9th Cir. 1999).

district court concluded, no trier of fact could reasonably find that CCC failed to provide Hoffman reasonable accommodations within the meaning of the ADA. The undisputed evidence shows that CCC provided Hoffman with extra time on exams, a quiet place to sit for them, the use of formula sheets, and ultimately, all of the other materials she desired to use, although not in the particular mathematics section she desired to use them. Because Hoffman was granted more than a reasonable accommodation, the judgment of the district court is affirmed. CCC's request for fees and costs is denied without prejudice because CCC has failed to file a separate motion under Fed. R.App. P. 38. *See Gabor v. Frazer,* 78 F.3d 459, 459–60 (9th Cir.1996).

AFFIRMED.

Before CANBY, GRABER, and PAEZ, Circuit Judges.