Mojukhan HAMPTON, Sr.; Jaynelle Bell, Plaintiffs—Appellants,

v.

CITY OF OAKLAND a municipal corporation; S. Nowak, Officer, in their individual capacity and as a police officer for the City of Oakland; B. Ortiz, Officer, in their individual capacity and as a police officer for the City of Oakland; B. Kline, Officer, in their individual capacity and as a police officer for the City of Oakland; Richard Word, Chief of Police, in his individual capacity and as Chief of Police for the City of Oakland, Defendants—Appellees.

No. C.A. 02–15611.

D.C. No. CV–00–04152–CRB.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 20, 2002.*

Decided Nov. 21, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

### MEMORANDUM **

Attorney Jaynelle Bell filed this civil rights action on behalf of her client, Mojukhan Hampton, alleging that Oakland police officers illegally arrested him, used excessive force, and planted drugs on him. The district court dismissed the action without prejudice for failure to prosecute and imposed discovery sanctions on Bell. We affirm.

The district court imposed discovery sanctions against Bell pursuant to Federal Rule Civil Procedure 37(b) because she violated a court order to schedule her client's deposition. Her arguments regarding Federal Rule Civil Procedure 11 are accordingly inapposite. Moreover, we do not agree with Bell that her client should pay the sanctions. The court directed "counsel to pay the sum of $1,250 to the City of Oakland as sanctions." Rule 37(b) specifically provides that sanctions may be imposed against an attorney. Finally, Bell is not being punished for her client's lack of cooperation. Rather, as the district court carefully explained, Bell had a "responsibility to the court" to comply with the order or to withdraw from the case.

We also reject Bell's contention that the district court was obligated to order a "mandatory settlement conference." The record indicates only that the parties agreed to participate in an "Early Settlement Conference" contingent on the completion of limited discovery, including Hampton's deposition. Because Hamp-

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ton's deposition never took place, there was no reason for the court to order any settlement proceedings.

Appellees request in their brief that we sanction Bell pursuant to Federal Rule Appellate Procedure 38 for filing a frivolous appeal. Such a request is not sufficient, however, to satisfy the notice requirement of Rule 38. *See Gabor v. Frazer*, 78 F.3d 459, 459–60 (9th Cir. 1996). Moreover, we conclude that Bell's arguments are not "wholly without merit." *See Orr v. Bank of America*, 285 F.3d 764, 784 n. 34 (9th Cir.2002) (internal quotation omitted). Accordingly, we decline to impose sanctions on appeal.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.