John **HEALY**, Plaintiff—Appellee,

v.

**MCI WORLDCOM NETWORK SERVICES, INC.,** a Delaware corporation, Defendant,

and

**Electronic Data Systems Corp.,** a foreign corporation; **EDS/SHL, Inc.,** a Delaware corporation, Defendants—Appellants.

Nos. 06–15156, 06–15576.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Jan. 11, 2007.

Filed Feb. 12, 2007.

Ross R. Nott, LaPlante Spinelli & Donald, Richard J. Edson, Esq., Law Office of Richard J. Edson, Sacramento, CA, for Plaintiff–Appellee.

**628**

Heidi Alten, Lee Hutton, Kenneth B. Stark, Esq., Duvin, Cahn & Hutton, Cleveland, OH, Christina M. Nugent, Hanson Bridgett Marcus, Sacramento, CA, Larry C. Baron, Landegger & Baron, Encino, CA, for Defendants–Appellants.

Before: GOODWIN and W. FLETCHER, Circuit Judges, and HOLLAND,* District Judge.

## MEMORANDUM **

Appellants Electronic Data Systems Corporation and EDS/SHL Corporation ("EDS") appeal the district court's judgment and the award of attorney fees. In this diversity action, John Healy alleged that EDS's predecessor, MCI Systemhouse, breached its Separation Agreement with him, which provided that Healy's employment would be terminated without cause on December 31, 1998 and which entitled him to severance pay, stock options, and Incentive Stock Units ("ISUs"). Healy also asserted a fraud claim based on the same factual predicate as his breach of contract claim. Following a bench trial, the district court entered judgment in favor of Healy, awarding $2,324,988.48 in economic damages on his contract claim, $500,000 on his fraud claim, and $200,000 in punitive damages. The district court also awarded Healy $364,702.78 in attorney fees. Because the parties are familiar with the facts of this case, we do not recite them in detail. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part and reverse in part.

1. EDS appealed the district court's conclusion that the Separation Agreement between Healy and MCI Systemhouse was binding upon EDS and that EDS therefore was liable for severance pay due Healy under the Separation Agreement. EDS conceded in its briefing that it owed Healy severance pay of $412,624.44.

■ 2. The district court did not err in finding that Healy's stock options should have vested on December 31, 1998. The Separation Agreement provided that Healy could exercise his stock options in accordance with the MCI Stock Option Plan. The termination without cause provision, and not the disability provision, of the Stock Option plan governed when Healy's stock options should have vested. Thus, Healy's stock options would have fully vested on the day he should have been terminated, which was December 31, 1998.

■ 3. The district court did not err in holding EDS responsible for MCI's delay in delivering Healy's ISUs. The Separation Agreement provided that the terms and conditions of the 1997 ISU Agreement would apply to Healy's ISUs. Under the ISU Agreement, Healy's ISUs would have fully vested upon termination of employment. Vested ISUs were to be delivered to employees within sixty days of vesting. Even if MCI had delivered Healy's ISUs in February 2000 and February 2001, Healy would still have suffered damages as a result of the ISUs not being delivered within sixty days of December 31, 1998 as they should have been if Healy had been terminated in accordance with the Separation Agreement. However, Healy had an obligation to mitigate his damages. *See Valle de Oro Bank v. Gamboa,* 26 Cal.

---

* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

App.4th 1686, 32 Cal.Rptr.2d 329, 331–32 (1994). Healy could have sold his ISUs in August 2001, when he finally received them. The value of Healy's ISUs in August 2001 was $133,642.76. EDS was entitled to an offset in this amount against the award of damages for the ISUs. On remand, the district court must recalculate the ISU damages.

■ 4. The district court did not err in awarding Healy prejudgment interest on his ISU and stock option damages because those damages were "capable of being made certain by calculation. . . ." Cal. Civ.Code § 3287(a). There was an active market for MCI WorldCom shares and therefore the value of the stock options and ISUs on the dates that they should have been issued could easily be calculated accurately.

■ 5. The district court did not abuse its discretion in conforming the complaint to include a cause of action for fraud based on the statements of EDS's attorney, Dorothy Culham. Evidence relating to Culham's allegedly fraudulent statements in a June 13, 2001 letter was admitted at trial, even though EDS had sought to exclude this evidence prior to trial. Having objected to the evidence prior to trial, EDS was not required to raise an additional objection at trial. *See Elsayed Mukhtar v. Cal. State Univ., Hayward,* 299 F.3d 1053, 1062 (9th Cir.2002). However, Rule 15(b), Federal Rules of Civil Procedure, provides that the trial court may amend the pleadings, over objection, unless the objecting party can show that it will be prejudiced by the amendment. EDS was not prejudiced by the amendment. EDS knew by July 2003, when Healy served his answers to EDS's interrogatories, that Healy was basing a fraud claim on statements made by Culham. EDS knew by October 24, 2005, that Healy would be allowed to proceed at trial on a fraud claim based on Culham's statements. The trial commenced on November 8, 2005. Given that EDS knew which Culham statements formed the basis of Healy's fraud claim and that Culham worked for EDS, EDS had sufficient time to prepare a defense to the fraud claim based on Culham's statements.

The district court also did not err in concluding that Healy had proven a fraud claim based on Culham's statements in the June 13 letter. In California, in order to prevail on a claim for fraud, a plaintiff must prove: 1) a misrepresentation 2) made with the knowledge of its falsity 3) and the intent to defraud 4) on which the plaintiff justifiably relied and 5) suffered damage as a result. *Lazar v. Superior Court,* 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996). The district court made findings as to each of the elements, and this court cannot conclude that any of those findings were clearly erroneous, although the evidence of justifiable reliance was thin.

■ 6. The district court did err in concluding that Healy could maintain a fraud claim based on his employer's failure to terminate him. In California, for an employee to have an independent fraud claim against his employer, the misrepresentation at issue cannot be aimed at effecting termination or retention of employment, but must be aimed at inducing the employee to detrimentally alter his position in some other respect. *See Hunter v. Up–Right, Inc.,* 6 Cal.4th 1174, 26 Cal. Rptr.2d 8, 864 P.2d 88 (1993); *Foley v. Interactive Data Corp.,* 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373 (1988). Healy asserted a fraud claim based upon statements made by Barbara Iman that she had checked with corporate legal and had confirmed that Healy could not be terminated because he was on disability. At the time Iman made these statements, she was an

employee of MCI Systemhouse. Healy was also an employee of MCI Systemhouse at the time Iman was representing to him that he could not be terminated while he was on disability.[1] Thus, the fraud claim based on Iman's statements was a claim against Healy's employer and was based on the same conduct that formed the basis for his breach of contract claim, namely the failure to terminate Healy because it falsely represented that he could not be terminated while on disability. Healy's fraud claim against his employer should have been dismissed.

Because the damages that the district court awarded Healy for fraud encompassed both the claim against his employer and the claim based on Culham's statements, on remand, the district court must reconsider the fraud damages. The district court must also reconsider the punitive damages which were awarded, as the fraud claims provide the basis for the punitive damages award.

■ 7. The district court did not abuse its discretion in awarding Healy attorney fees incurred after August 3, 2005, the date of the district court's summary judgment order. Despite EDS's argument to the contrary, Healy prevailed on issues at trial and thus was entitled to attorney fees incurred up to and during trial. The district court also did not abuse its discretion in not apportioning the fees incurred on Healy's contract claims and those incurred on his fraud claims. Healy's contract and fraud claims were "inextricably intertwined," as the district court found. *See Abdallah v. United Sav. Bank*, 43 Cal.App.4th 1101, 51 Cal.Rptr.2d 286, 293 (1996) (internal quotation marks omitted). Reversal of the fraud claim based on Iman's statements does not require reex-

amination of the attorney fee award inasmuch as the breach of contract claim on which Healy prevailed and the employer fraud claim are here alternative legal theories of recovery for the same wrong. The trial would have been the same if only the breach of contract claim had been pleaded.

■ 8. Healy is not entitled to sanctions pursuant to Rule 38, Federal Rules of Appellate Procedure. Healy did not file a separate motion requesting sanctions, and "a request for sanctions in a party's appellate brief does not provide sufficient notice to the opposing party." *Gabor v. Frazer*, 78 F.3d 459, 459 (9th Cir.1996). More importantly, EDS's appeal was not frivolous.

In summary, we affirm as to liability on Healy's breach of contract claim and on the fraud claim based on Culham's statements. We also affirm as to Healy's entitlement to prejudgment interest on his contract claim and the award of attorney fees. We reverse as to liability on the fraud claim against Healy's employer and as to damages on the ISU portion of the breach of contract claim. The district court's judgment is vacated in its entirety because the economic damages will have to be recalculated and the fraud damages and the punitive damages based thereon will have to be reconsidered.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

1. Healy was never an EDS employee. When EDS purchased MCI Systemhouse, Healy's employment was not transferred to EDS be-

cause he was on disability. After the purchase, Healy was considered an MCI World-Com employee.