**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: TV, LLC, A California Limited Liability Company,<br><br>Debtor,<br><br>————————<br><br>CITY OF EL MONTE, for itself and as successor-in-interest to the El Monte Community Redevelopment Agency,<br><br>Appellant,<br><br>v.<br><br>ISAAC ZFATY and ZFATY BURNS,<br><br>Appellees. | No. 12-56445<br><br>D.C. No. 2:12-cv-02222-PA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 11, 2014[**]
Pasadena, California

———————————

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: SILVERMAN, BEA, and CHRISTEN, Circuit Judges.

The bankruptcy court denied the City of El Monte's motion for an order to show cause why Isaac Zfaty and his firm should not be held in contempt and sanctioned. The district court affirmed that decision. We affirm.

The parties do not dispute that El Monte filed the subject motion seeking sanctions for conduct that allegedly occurred in the course of a Title 11 bankruptcy case. The bankruptcy court had authority to rule on the motion because it had authority to sanction attorneys who appear before it. *See Price v. Lehtinen (In re Lehtinen)*, 564 F.3d 1052, 1058–59 (9th Cir. 2009). It committed no abuse of discretion by denying the motion without a hearing. *See* Bankr. C.D. Cal. R. 9020-1(d)(2) ("No hearing on the motion for issuance of the order to show cause will be held unless the court so orders."); 9020-1(d)(3) ("If the motion for order to show cause is granted without a hearing, the court will issue and forward to the moving party the order to show cause setting the date and time of the hearing on why the party should not be held in contempt."). Further, the record supports the bankruptcy court's determination that El Monte provided "no evidence whatsoever that *Zfaty* forged anyone's signature to any document filed . . . or that Zfaty knowingly made any false representations." Any error in its failure to rule on El Monte's evidentiary objections to Zfaty's declaration was harmless.

2

In his answering brief, Zfaty asks that we sanction El Monte for filing a frivolous appeal under Federal Rule of Appellate Procedure 38.  But the rule requires the requesting party to provide notice through "a separately filed motion." Fed. R. App. P. 38 & advisory committee's notes; *see also Gabor v. Frazer*, 78 F.3d 459, 459–60 (9th Cir. 1996).  Zfaty has filed no such motion.  We therefore deny the request without prejudice.

**AFFIRMED.**