**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GARR OOLEY and JANIS STARKEY, | No. 13-15893 |
| Plaintiffs - Appellants, | D.C. No. 2:12-cv-00095-JAM-CKD |
| v. | |
| CITRUS HEIGHTS POLICE DEPARTMENT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 14, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, OWENS, Circuit Judge, and COLLINS,[***] Chief District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Raner C. Collins, Chief District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Garr Ooley and Janis Starkey appeal from the district court's judgment dismissing their 42 U.S.C. § 1983 action. Starkey also challenges the district court's partial award of attorney's fees to Appellees. We review a dismissal for failure to state a claim de novo, *see Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015), and an award of attorney's fees for abuse of discretion, *see Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1059-60 (9th Cir. 2006). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Ooley and Starkey assert (1) an equal protection claim; (2) a substantive due process claim; (3) a takings claim; (4) a First Amendment freedom of religion claim; and (5) a First Amendment right to petition claim. Ooley alone asserts (6) a malicious prosecution claim; and (7) a defamation claim. The district court did not err in dismissing any of these claims.

Appellants' substantive due process, takings, and First Amendment right to petition claims are based exclusively on the alleged campaign of neighborhood harassment. The same is true of Ooley's defamation claim. Nevertheless, the reactions of third parties to remarks made by the government do not constitute state action. *See Cooper v. Dupnik*, 924 F.2d 1520, 1533-34 (9th Cir. 1991), *aff'd in relevant part*, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc); *see also WMX Techs., Inc. v. Miller*, 80 F.3d 1315, 1320 (9th Cir. 1996) (holding that "defamation

2

[must] be accompanied by an injury directly caused by the Government, rather than an injury caused by the act of some third party"), *vacated on other grounds*, 104 F.3d 1133 (9th Cir. 1997) (en banc). As a result, these claims fail. *See NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988).

The only nonconclusory allegation supporting Appellants' equal protection and First Amendment religion claims is Officer Barron's comment about the Seventh-Day Adventist Church. *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 970 (9th Cir. 2009) (holding that a "conclusory allegation" unsupported by factual content is "not entitled to an assumption of truth"). This off-hand comment does not show any official action was taken on the basis of religion. Such "stray remarks are insufficient to establish discrimination." *Merrick v. Farmers Ins. Grp.*, 892 F.2d 1434, 1438 (9th Cir. 1990) (internal quotation marks omitted). There is no allegation that the comment burdened Appellants' exercise of religion and the comment was "not sufficiently imbued with the state's authority to constitute state endorsement of religion." *Canell v. Lightner*, 143 F.3d 1210, 1214 (9th Cir. 1998). Accordingly, these claims fail.

The final claim under review is Ooley's malicious prosecution claim. Among other things, "[a]n individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a

3

manner as to indicate his innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1068 (9th Cir. 2004). Ooley cannot make such a showing because his conviction for vandalism does not indicate he was innocent of the two charges for which he was prosecuted. This claim thus fails as well.

2.      Starkey's challenge to the partial award of attorney's fees is limited to an argument that the district court was wrong on the merits. "Because we affirm the district court's judgment, we likewise affirm the award of fees . . . ." *Tatum v. Moody*, 768 F.3d 806, 822 (9th Cir. 2014). In the absence of any constitutional injury or violation of federal law, we also affirm the rejection of Appellants' municipal liability claims, *see Yousefian v. City of Glendale*, 779 F.3d 1010, 1016 (9th Cir. 2015), and request for *Ex Parte Young* relief, *see In re Ellett*, 254 F.3d 1135, 1138 (9th Cir. 2001). We further conclude that the district court did not abuse its discretion in denying leave to amend. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) ("Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." (citation omitted)).

3.      We deny Appellees' request for attorney's fees without prejudice to Appellees properly requesting such an award in a separately filed motion.  *See Gabor v. Frazer*, 78 F.3d 459, 460 (9th Cir. 1996).

**AFFIRMED.**