**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLEN BERNARD SHAY, | No. 21-55620 |
| Plaintiff-Appellant, | D.C. No.<br>2:15-cv-04607-CAS-RAO |
| v. | |
| COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; CHRISTOPHER DERRY, Deputy; DOES, 1-10, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted July 6, 2022 [**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Allen B. Shay appeals pro se from the district court's order denying his Federal Rule of Civil Procedure 60(d)(3) motion to vacate the district court's judgment for fraud on the court in his 42 U.S.C. § 1983[1] and California law[2] action against the County of Los Angeles, the Los Angeles County Sheriff's Department, and Deputy Christopher Derry (collectively, "Defendants"). We affirm.[3]

The district court did not abuse its discretion[4] in denying Shay's motion. Shay alleged that Defendants' failure to provide him with notice of their motion in proceedings in the California Superior Court for the County of Los Angeles that Shay be denied bail until a hearing could be convened to determine the source of the bail funds (the "bail-hold" motion)[5] and the subsequent hearing on the motion constituted a fraud on the court. However, Shay cannot show that the judgment he now seeks to vacate was obtained by fraud because the alleged fraud, if any, was

---

[1] U.S. Const. amends. IV, XIV.

[2] The Tom Bane Civil Rights Act, Cal. Civ. Code § 52.1, and false imprisonment.

[3] We have jurisdiction to hear Shay's appeal. *See* 28 U.S.C. § 1291; *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1167 (9th Cir. 2017). Additionally, Shay's motion to vacate the judgment for fraud on the district court was timely. *See Sierra Pac. Indus., Inc.*, 862 F.3d at 1167.

[4] *Sierra Pac. Indus., Inc.*, 862 F.3d at 1166–67.

[5] *See* Cal. Penal Code § 1275.1.

perpetrated against the state court in the state criminal prosecution, not against the district court in this action. *See Levander v. Prober* (*In re Levander*), 180 F.3d 1114, 1119 (9th Cir. 1999). Moreover, contrary to Shay's assertions, in this action Jury Instruction Number 11 did not require the jury to accept as true any purportedly false statements regarding the need for bail.

Additionally, Defendants' failure to provide Shay with notice of the bail-hold motion and hearing does not constitute "'after-discovered fraud.'" *Sierra Pac. Indus., Inc.*, 862 F.3d at 1169; *see id.* at 1168–69. When he sought to have the bail-hold lifted, Shay would have been aware, or at least "'through due diligence could have discovered,'" that Defendants failed to provide him with notice. *Id.* at 1169.

Finally, Shay's allegations are insufficient to establish fraud on the district court. "Generally, non-disclosure by itself does not constitute fraud on the court." *In re Levander*, 180 F.3d at 1119. Shay has not shown an "'unconscionable plan or scheme'" that was "'designed to improperly influence the [district] court.'" *Sierra Pac. Indus., Inc.*, 862 F.3d at 1168; *see id.* at 1171–72; *cf. Pumphrey v. K.W. Thompson Tool Co.*, 62 F.3d 1128, 1131–32 (9th Cir. 1995). In short, Shay has not shown that, absent relief from the judgment, there would be "'a grave miscarriage

of justice.'" *Sierra Pac. Indus., Inc.*, 862 F.3d at 1167; *see also id.* at 1168; *United States v. Est. of Stonehill*, 660 F.3d 415, 452–53 (9th Cir. 2011).

To the extent that Shay argues that the district judge should have recused herself, her failure to do so was not error, much less plain error.[6] *See Clemens v. U.S. Dist. Ct.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) (per curiam); 28 U.S.C. § 455(a).

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We decline Defendants' request to impose sanctions on Shay. *See* Fed. R. App. P. 38; 28 U.S.C. § 1912; *Gabor v. Frazer*, 78 F.3d 459, 459–60 (9th Cir. 1996).

**AFFIRMED.**

---

[6] *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010).