NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAR 18 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MARK STEVEN BOYKO <br><br> Debtor <br> _____ <br><br><br> MARK STEVEN BOYKO, <br><br> Appellant. <br><br> v. <br><br> AUGUST BARIZON; SARA BOROUMAND, <br><br> Appellees. | No. 24-2888 <br><br> D.C. No. <br> 23-1139 <br><br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Scott H. Gan, Robert J. Faris, and Gary A. Spraker, Bankruptcy Judges, Presiding

Submitted March 6, 2025[**]
San Francisco, California

Before: WARDLAW, PAEZ, and LEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Mark Steven Boyko ("Boyko") appeals a decision by the Ninth Circuit Bankruptcy Appellate Panel ("BAP") affirming a bankruptcy court's nondischargeable judgment in favor of creditors August Barizon and Sara Boroumand (collectively "Appellees"). We have jurisdiction under 28 U.S.C. § 158(d) and we affirm.

Appellees entered into a construction agreement for a home-remodel with Boyko and Boyko's former business partner (Ruben Citores) based on, among other things, a series of misrepresentations by Boyko, including that he would act as the general contractor for the project, that he was a licensed contractor, and that he and Citores were insured. After verifying that Boyko's license was active, Appellees agreed to the project. Citores and Boyko abandoned the project mid-way, and Appellees were forced to hire new contractors to redo the project and to pay unpaid sub-contractors.

While Appellees' state court action against Boyko and Citores for damages arising from their fraudulent representations was pending, Boyko filed a Chapter 13 petition for bankruptcy. After filing a proof of claim in the proceeding, Appellees initiated an adversary action for their damages. Following trial, the bankruptcy court held the debt nondischargeable under 11 U.S.C. § 523(a)(2)(A) due to Boyko's false representations. Following appeal, the BAP affirmed.

The BAP correctly affirmed the bankruptcy court's entry of a

24-2888

nondischargeable judgment under § 523(a)(2)(A) against Boyko. The bankruptcy court properly concluded that Appellees substantiated their proof of claim, and that the resulting debt was nondischargeable. *See In re Slyman*, 234 F.3d 1081, 1085 (9th Cir. 2000). Boyko fails to identify any clear error in the bankruptcy court's factual findings or legal defect in the BAP or bankruptcy court's application of the law. Instead, Boyko contends that he is either not liable for the resulting debt or his liability should be significantly reduced, because: (1) he did not contract with Appellees; (2) he was not Citores's partner; (3) he did not obtain any benefit from Appellees; and (4) at most, his liability should be limited to the $8,000 he received from Citores. None of these contentions is availing.

The BAP correctly concluded that whether Boyko signed a contract with Appellees, received payments from Appellees, or had a partnership with Citores is irrelevant because the bankruptcy court found Boyko liable for *his own* intentional fraudulent representations.[1] Furthermore, Boyko's contention that his liability is limited to amounts received from debtors or received from Citores is plainly foreclosed by Supreme Court precedent. *See Cohen v. de la Cruz*, 523 U.S. 213, 215 (1998) ("§ 523(a)(2)(A) prevents the discharge of *all liability arising from*

---

[1] Boyko has waived review of the bankruptcy court's independently dispositive finding that he made fraudulent omissions concerning his past dealings with Citores. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir, 1999); *In re Tallant*, 218 B.R. 58, 65 (B.A.P. 9th Cir. 1998).

*fraud. . . .*") (emphasis added).[2]

**Affirmed.**[3]

---

[2] Boyko's contention that the bankruptcy court should have afforded issue preclusive effect to Citores's "no contest" plea to performing work as a contractor without a license and stealing Boyko's identity is irrelevant. Even assuming that issue preclusion applies, Appellees' claim is based on Boyko's fraudulent conduct at the July 2017 meeting with Appellees, which Boyko admits he attended. Furthermore, to the extent Boyko raises any additional "issues," we deem them waived as "[w]e review only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).
[3] Appellees' request for attorney's fees is denied *without prejudice* for failure to file a separate motion as required by Federal Rule of Appellate Procedure 38. *See Gabor v. Frazer*, 78 F.3d 459, 459 (9th Cir. 1996).

24-2888