# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ADOLFO BARRIENTOS; MARIA
ENRIQUETTA BARRIENTOS,
       *Plaintiffs- Appellants,*

       v.

WELLS FARGO BANK, N.A.,
       *Defendant-Appellee.*

No. 09-55810

D.C. No.
08-CV-463-WQH-
BLM

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
November 2, 2010—Pasadena, California

Filed February 10, 2011

Before: Johnnie B. Rawlinson and Milan D. Smith, Jr.,
Circuit Judges, and Robert C. Jones,* District Judge.

Opinion by Judge Jones

---

*The Honorable Robert C. Jones, United States District Judge for the
District of Nevada, sitting by designation.

## COUNSEL

Kristin Rose Lamar, and Michael G. Doan, Doan Law Firm, LLP, Carlsbad, California, for the appellant.

John M. Sorich, S. Christopher Yoo, and Valerie K. Brennan, Adorno Yoss Alvarado & Smith, PC, Santa Ana, California, for the appellee.

## OPINION

JONES, District Judge:

Appellant Adolfo Barrientos filed for Chapter 7 bankruptcy and obtained a discharge of debt under 11 U.S.C. § 524. According to Appellant's complaint, however, certain credit reporting agencies continued to report Appellant's previous debt to Appellee Wells Fargo Bank, N.A. When Appellant disputed the debt, one or more of the agencies contacted Appellee, who allegedly verified a debt of $80,831 in violation of § 524.

Appellant filed an adversary complaint on April 27, 2007. The First Amended Adversary Complaint ("FAAC") contained a single cause of action for contempt for violation of § 524, seeking an injunction, a "coercive fine," declaratory relief, and attorney's fees. Appellee filed a motion to dismiss pursuant to Rule 12(b)(6), which the bankruptcy court granted on January 31, 2008, ruling that under *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502, 506-07 (9th Cir. 2002), § 105 creates no private right of action to sue for a violation of § 524. The district court affirmed on May 27, 2009 under *Walls*, and noted that Appellant's remedy was to seek a contempt order directly in the bankruptcy court.

Appellant timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm. A motion for contempt for violation of a discharge injunction under § 524 must be brought via motion in the bankruptcy case, not via an adversary proceeding.

## I.  Standard of Review

We review a district court's decision on an appeal from a bankruptcy court de novo, with no deference given to the district court's decision. *See Barclay v. McKenzie (In re AFI Holding, Inc.)*, 525 F.3d 700, 702 (9th Cir. 2008). A bank-

ruptcy court's decision to dismiss an action for failure to state a claim is reviewed de novo, *see Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220, 1222 (9th Cir. 2002), as is its interpretation of the bankruptcy code, *see Blausey v. U.S. Tr.*, 552 F.3d 1124, 1132 (9th Cir. 2009).

## II. Procedure to Seek an Order of Contempt for a Violation of § 524

### A. The Civil Contempt Power of the Bankruptcy Court

**[1]** Prior to the Bankruptcy Amendments and Federal Judgeship Act of 1984, bankruptcy judges had implied power to hold litigants in civil contempt just as Article III judges have. 2 Collier on Bankruptcy ¶ 105.02[1][b] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2009). Since 1984, however, the civil contempt power of bankruptcy judges has been based on § 105 of the Bankruptcy Code. *Id.*; *see* 11 U.S.C. § 105.

### B. There is No Private Right of Action for a Discharge Violation

**[2]** We have previously ruled after significant discussion that the availability of contempt proceedings under § 105 for violation of a discharge injunction under § 524 does not create a private right of action for damages. *See Walls*, 276 F.3d at 507-10 (affirming a district court's dismissal of a claim under § 524 brought in the district court). We noted that the remedy of contempt was available directly in the core bankruptcy proceedings:

> Implying a private remedy here could put enforcement of the discharge injunction in the hands of a court that did not issue it (perhaps even in the hands of a jury), which is inconsistent with the present scheme that leaves enforcement to the bankruptcy

judge whose discharge order gave rise to the injunc-
tion. This makes a good deal of sense, given that the
equities at issue are bankruptcy equities, and it
would undermine Congress's deliberate decision to
place supervision of discharge in the bankruptcy
court:

> Since 1898, in all but extraordinary situa-
> tions the effect of a discharge had been a
> matter which would be determined only in
> a state court or, where there was some
> ground of jurisdiction other than the
> involvement of the discharge, in a federal
> court. Congress became convinced that rel-
> egating a discharged bankrupt to other
> courts for vindication of his discharge
> resulted so often in the loss of its intended
> benefit and frustration of the objective of
> the federal legislation that jurisdiction of
> determining the effect of a discharge was
> given to the bankruptcy court.

*Id.* at 509-10 (quoting Report of the Commission on the
Bankruptcy Laws of the United States, H.R. Doc. No. 137,
93d Cong., 1st Sess. (1973), *quoted in* H.R. Rep. No. 95-595
at 46-47 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6008).

**[3]** Appellant argues that although we held in *Walls* that
there is no private right of action for damages under § 524, we
did not hold that adversary proceedings under Bankruptcy
Rule 7001 were therefore necessarily unavailable as a vehicle
to enforce § 524. None of the cases cited by the parties
addresses this question in so many words, but our holding in
*Walls* supports such a conclusion. Specifically, we reasoned
that Congress did not intend for enforcement of a discharge
order to be left to any other judge than the bankruptcy judge
who issued the order, *see id.*, which would be a possible result
if an adversary proceeding were available to pursue contempt

for violation of a discharge order. We therefore rule that *Walls* is sufficient to dispose of the present case. However, even in the absence of *Walls*, it appears that the Bankruptcy Rules require that an action for contempt arising out of the violation of an order issued in a bankruptcy case must be brought by motion in the bankruptcy case.

## C. Contested Matters Versus Adversary Proceedings

**[4]** Bankruptcy Rule 9020 provides that Bankruptcy Rule 9014 governs contempt proceedings in bankruptcy. Fed. R. Bankr. P. 9020 ("Rule 9014 governs a motion for an order of contempt made by the United States trustee or a party in interest."). Bankruptcy Rule 9014 in turn is the rule that governs contested matters. *See* Fed. R. Bankr. P. 9014(a). In other words, a contempt proceeding by the United States trustee or a party in interest in bankruptcy is a contested matter. (*Id.*; Fed. R. Bankr. P. 9020; *see* 10 Collier on Bankruptcy ¶ 9020.02 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007)). Bankruptcy Rule 9014 adopts many procedures from Part VII of the Bankruptcy Rules (which governs adversary proceedings), but not all such procedures. *See* Fed. R. Bankr. P. 9014(c).

**[5]** "Contested matter" in the bankruptcy context is a term of art. There is a distinction among "contested matters," "adversary proceedings," and "administrative matters." *See* 10 Collier on Bankruptcy ¶ 9014.01 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev. 2007). Administrative matters are those issues that are not contested, such as unopposed motions. *Id.* Adversary proceedings are a species of contested matters governed by Part VII of the Bankruptcy Rules. *Id.* A matter qualifies as an "adversary proceeding," as opposed to a "contested matter," if it is included in the list given in Bankruptcy Rule 7001. *Id.*; *see* Fed. R. Bankr. P. 7001. Otherwise, it is a "contested matter." *See* Fed. R. Bankr. P. 9014(a). Contempt proceedings are not listed under Bankruptcy Rule 7001, *see* Fed. R. Bankr. P. 7001, and are therefore contested mat-

ters not qualifying as adversary proceedings. At oral argument, Appellant argued that because Bankruptcy Rule 9014 invokes certain rules utilized for adversary proceedings under Part VII of the Bankruptcy Rules, any motion brought pursuant to Bankruptcy Rule 9014 could also impliedly be brought as an adversary proceeding. Such a construction does not follow, and if adopted it would obliterate the difference between contested matters and adversary proceedings, obviating the list under Rule 7001, because under this construction any contested matter under Bankruptcy Rule 9014 could necessarily be brought as an adversary proceeding under Rule 7001.

**[6]** Appellant argues that contempt proceedings *seeking to enforce injunctions* are impliedly included under subsection (7) of Rule 7001, which includes "proceeding[s] to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12, or chapter 13 plan provides for the relief." Fed. R. Bankr. P. 7001(7). A plain reading of Bankruptcy Rule 9020 compels the contrary conclusion, however, that contempt proceedings brought by the trustee or a party in interest are contested matters that must be brought by motion in the bankruptcy case under Bankruptcy Rule 9014. Bankruptcy Rule 9020 in fact exists solely for the purpose of mandating this. It does nothing else.

Appellant might argue that Bankruptcy Rule 9020 only applies to a "*motion* for an order of contempt," and that he has not filed a motion but an adversary proceeding. Such an argument would be wordplay. But even if Bankruptcy Rule 9020 did not apply, in order to qualify as an adversary proceeding, the FAAC must fit within one of the categories listed in Bankruptcy Rule 7001, and it does not. As pointed out at oral argument, Appellant specifically requests punitive damages in the FAAC, and such damages are not a form of equitable relief.

**[7]** Appellant also prays for an injunction in the FAAC, but he does not in fact seek any injunction he does not already have, which is his only possible purchase onto Bankruptcy

Rule 7001. *See* Fed. R. Bankr. P. 7001(7). An injunction against violation of the discharge already exists by operation of law. *See* 11 U.S.C. § 524(a)(2) ("A discharge in a case under this title . . . operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ."). Plaintiff in reality seeks a contempt order for the violation of an injunction that already exists, regardless of how he has characterized his prayer for relief in the FAAC. He cannot seek a second-order injunction, as it were. An injunction against violating an existing injunction would be superfluous, adding no judicial action and providing no additional relief. The remedy for violating an injunction is not a repetitive injunction, but an order of contempt. *See* 1 Dan B. Dobbs, *Law of Remedies* § 2.8(1), at 186-89 (2d ed. 1993). For this precise reason, the Second Circuit recently rejected the argument that Bankruptcy Rule 7001(7) permitted a litigant to demand an adversary proceeding to enforce a violation of an existing discharge injunction. *See Kalikow v. Solow (In re Kalikow)*, 602 F.3d 82, 93-94 (2d Cir. 2010) (affirming a district court's affirmation of a bankruptcy court's decision to proceed by motion in the bankruptcy case, and not by adversary proceeding, to enforce an existing § 524 injunction). Furthermore, like in *In re Kalikow*, where the appellants had prevailed despite the unavailability of an adversary proceeding, *see id.* at 94-95, Appellant here can allege no prejudice from the bankruptcy court's requirement to proceed by motion rather than by adversary proceeding, because he has failed to pursue the avenue of relief that no court has denied is available to him: a motion in the bankruptcy case.

[8] The district court correctly ruled that contempt proceedings for a violation of § 524 must be initiated by motion in the bankruptcy case under Rule 9014 and not by adversary proceeding.

### D.  "Motions" Versus "Applications"

**[9]** Relief pursuant to a contested matter must "be requested by motion." Fed. R. Bankr. P. 9014(a). The rule provides for service of the motion, application of certain rules governing the resolution of adversary proceedings, and testimony of witnesses taken in the same manner as in an adversary proceeding. *See* Fed. R. Bankr. P. 9014(b)-(e).

Appellant argues that Local Rule of Bankruptcy Practice 9020, which requires an "application" for an order to show cause under Local Rule of Bankruptcy Practice 9013, is invalid because it conflicts with Bankruptcy Rule 9020, which requires a "motion" under Bankruptcy Rule 9014(a). This is a purely semantic distinction. Appellant argues that in the Southern District of California, "an Application is more of a request, a petition, and lacks the formalities of a motion." Aside from bare argumentation, Appellant cites to no local rule delineating any difference in form or substance between "motions" and "applications" in the Southern District of California, and the words are generally considered synonymous. *See Black's Law Dictionary* 1106 (9th ed. 2009) (defining "motion" as "[a] written or oral *application* requesting a court to make a specified ruling or order" (emphasis added)).

**[10]** Moreover, Appellant did not in fact file any pleading, however titled, for an order to show cause in the bankruptcy case, so he cannot complain that the process required under Bankruptcy Rule 9020 was not afforded to him due to an inconsistent local rule. There is no indication that the bankruptcy court would have refused to abide by Bankruptcy Rule 9020 had Appellant "applied" for an order to show cause rather than having "moved" for one.

## III.  Conclusion

Because there is no private right of action for violation of a § 524 discharge injunction, *Walls*, 276 F.3d at 507-10, and

because we agree with the Second Circuit that an order of contempt under § 105 to enforce an existing injunction must be sought via motion in the bankruptcy action, *see In re Kalikow*, 602 F.3d at 93, the ruling of the district court is

**AFFIRMED**.