

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DEMAS WAI YAN,<br><br>     Debtor,<br><br>---<br><br>DEMAS WAI YAN,<br><br>     Appellant,<br><br>  v.<br><br>TONY FU; CRYSTAL LEI; WEI SUEN;<br>BRYANT FU; STELLA HONG CHEN,<br><br>     Appellees. | 12-15204<br><br>D.C. No. 3:11-cv-01814-RS<br><br><br>ORDER AND MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted February 13, 2014[**]
San Francisco, California

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.***

Demas Yan ("Yan") appeals from the decision of the district court affirming the bankruptcy court's dismissal of his cross-complaint in one of a series of lawsuits related to his bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

A bankruptcy estate includes all legal and equitable interests in property held by the debtor at the time of filing, including all causes of action the debtor could have brought outside bankruptcy. *In re Jess*, 169 F.3d 1204, 1207 (9th Cir. 1999) (citing U.S.C. § 541(a)). Yan contends that his cross-complaint alleged acts giving rise to causes of action that accrued both before and after conversion to bankruptcy. The bankruptcy court did not agree but granted Yan leave to amend the cross-complaint to specify the postpetition nature of his claims. Yan declined to do so, choosing instead to appeal to the district court. Reviewing the district court's decision de novo, *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011), we agree that the claims as alleged accrued prepetition or that Yan could reasonably have contemplated the claims' existence prior to the petition date. Thus, the claims were "sufficiently rooted in the pre-bankruptcy past," and

---

*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

are properly included as property of the bankruptcy estate under § 541. *Segal v. Rochelle*, 382 U.S. 375, 380 (1966). While Yan may have been able to present adequate claims in an amended cross-complaint, he chose not to do so. Accordingly, affirmance of the bankruptcy court was appropriate.

Appellees filed a motion under Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927 requesting that we impose sanctions on Yan, an attorney, for filing a frivolous appeal. We grant Appellees' motion for sanctions for filing a frivolous appeal pursuant to Rule 38 of the Federal Rules of Appellate Procedure.[1] "An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990). Yan's position in this appeal is wholly without merit. We therefore impose attorneys' fees and double costs under Federal Rule of Appellate Procedure 38.

The determination of an appropriate amount of fees on appeal is referred to the court's special master, Appellate Commissioner Peter Shaw, who shall conduct

---

[1] Yan, although an attorney when the appeal was filed, was later suspended and has proceeded pro se. In view of our application of Rule 38, it is not necessary to rely upon 28 U.S.C. § 1927 (referring to an "attorney or other person admitted to conduct cases" who unreasonably and vexatiously multiplies proceedings) although our precedent would permit such reliance. *See Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990).

whatever proceedings he deems appropriate, and who shall have the authority to enter an order awarding fees. *See* 9th Cir. R. 39-1.9.

**AFFIRMED**.

Appellees' Request for Judicial Notice and First Supplemental Request for Judicial Notice in support of Appellees' Motion for Sanctions and Attorney's Fees are **GRANTED**.

Appellees' Motion for Sanctions and Attorney's Fees is **GRANTED**.