**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   NC-14-1480-TaDKi |
| | ) | |
| MICHAEL JAMES HICKEY; MERCEDES HICKEY, | ) | Bk. No.   09-42629 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| DOROTHY D. GUILLORY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| MICHAEL JAMES HICKEY; MERCEDES HICKEY, | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Submitted Without Oral Argument[**]
on May 14, 2015

Filed - July 16, 2015

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable William J. Lafferty, III, Bankruptcy Judge, Presiding

---

[*]   This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1(c)(2).

[**]   After examination of the briefs and record, and after notice to the parties, in an order entered March 16, 2015, the Panel unanimously determined that oral argument was not needed for this appeal. See Fed. R. Bankr. P. 8019(b); 9th Cir. BAP Rule 8019-1.

Appearances:   Dorothy D. Guillory, pro se, on brief; Chris D. Kuhner of Kornfield, Nyberg, Bendes & Kuhner, PC on brief, for appellees Michael James Hickey and Mercedes Hickey.

---

Before:  TAYLOR, DUNN, and KIRSCHER, Bankruptcy Judges.

## INTRODUCTION

The bankruptcy court found appellant Dorothy D. Guillory in contempt for violation of the discharge injunction issued in the chapter 7[1] case of debtors Michael James Hickey and Mercedes Velasquez Hickey.  It subsequently awarded damages to the debtors in the form of an attorney's fees and costs award against Guillory.  Guillory appeals from this award.  We AFFIRM the bankruptcy court's decision to award damages; but, we VACATE the award and REMAND to the bankruptcy court for the limited purpose of clarifying its order so that it clearly states that Guillory's co-contemnors are jointly and severally liable for these damages under a separate order.

## FACTS

In 2009, the Debtors filed a chapter 7 petition.  The case proceeded routinely; the Debtors promptly received their bankruptcy discharge, and the bankruptcy court promptly closed the case.

Four years later, however, the Debtors successfully reopened their case and commenced an adversary proceeding

---

[1]  Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All "Rule" references are to the Federal Rules of Bankruptcy Procedure and all "Civil Rule" references are to Federal Rules of Civil Procedure.

against William De Vine, Jr. and his company, W.E. De Vine & Company, LLC (collectively "De Vine"), and Guillory. The adversary complaint alleged that the defendants violated the discharge injunction through De Vine's commencement of a 2011 state court collection action (the "Collection Action") against the Debtors; Guillory represented De Vine in the Collection Action at a point after filing of the complaint. Apparently, the Debtors advised De Vine and Guillory of the bankruptcy discharge and unsuccessfully sought dismissal. The Debtors also filed a motion for a contempt order in the adversary proceeding, which they later re-filed in the bankruptcy case.[2]

The bankruptcy court ultimately determined that four of the six Collection Action causes of action violated the discharge injunction; it thus found De Vine and Guillory in contempt and issued an order so determining (the "Contempt Order"). The Contempt Order, however, also established a deadline for De Vine to file a § 523 nondischargeability complaint, and Guillory, on behalf of De Vine, thereafter filed "counterclaims" seeking to except these four alleged claims from discharge under § 523(a)(2) and (a)(6).

In the background during this time, Guillory was in disciplinary proceedings before the State Bar of California; she

---

[2] The Debtors created a complex procedural path to the bankruptcy court's final determination that discharge violations occurred and that actual damages resulted. They utilized both an adversary proceeding and two motions. Because the details of this procedural confusion do not impact our decision, we hereafter refer to the adversary proceeding and motion jointly as the Discharge Violation Proceedings, unless a more specific reference is appropriate.

3

was subsequently suspended from practice for a three-year period. De Vine then attempted to handle his § 523 action by himself but eventually dismissed the counterclaims with prejudice.

After dismissal, the Debtors sought an award of compensatory damages based on the discharge injunction violation; they initially requested an award only against DeVine of $58,077.51[3] on account of fees and costs incurred in the Collection Action and in the Discharge Violation Proceedings. The award requested in connection with the Discharge Violation Proceedings included fees and costs incurred as a result of the § 523 counterclaims. After adjusting the requested amount downward based on a determination that some services were duplicative, the bankruptcy court granted the request; it awarded the Debtors $53,077.51, plus interest, solely against De Vine. De Vine did not appeal from this order, and it is now final.

The Debtors then sought a second award, this time in the amount of $24,172, again on account of fees and costs incurred in connection with the discharge injunction violation ("Guillory Motion for Damages") and requested recovery jointly and severally, from De Vine and Guillory. The Debtors calculated their alleged damages by reducing actually incurred fees and

---

[3] The Debtors' request for fees and costs in the adversary proceeding consisted of: $21,311.40 incurred by Chris Kuhner, Debtors' bankruptcy counsel, in 2013; $11,573.51 incurred by Kuhner in 2014; $19,531.87 incurred by David Ginn, Debtors' state court counsel, in the state court action; and $5,660.73 incurred by Ginn in the adversary proceeding.

4

costs in the Collection Action and in a portion of the Discharge Violation Proceedings, using a percentage based on the number of Collection Action causes of action that violated the discharge injunction. In particular, the new motion did not seek any recovery in connection with the defense of the § 523 counterclaims. The fees and costs requested in connection with the Guillory Motion for Damages, thus, duplicated a portion of the damages already awarded solely against De Vine. Only Guillory opposed this motion.

At the hearing both De Vine and Guillory appeared pro se. Guillory initially argued that the automatic stay in her husband's bankruptcy filing prevented the Debtors from obtaining an order against her. The bankruptcy court disagreed. Debtors' counsel clarified on the record that the fees and costs requested in the Guillory Motion for Damages duplicated, in part, those already awarded against De Vine. The Debtors then requested a second sanctions award only against Guillory. After it once again discounted the amount requested for duplicative services, the bankruptcy court granted the Guillory Motion for Damages. It thereafter entered an order awarding damages on account of fees and costs in the amount of $20,822.50 ("Guillory Damages Award"), plus interest, solely against Guillory. She timely appealed.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(O). We have jurisdiction under 28 U.S.C. § 158.

///

5

Whether the bankruptcy court abused its discretion in awarding damages against Guillory for violation of the discharge injunction.

**STANDARD OF REVIEW**

We review the decision to award sanctions for an abuse of discretion. See Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1191 (9th Cir. 2003); Rosales v. Wallace (In re Wallace), 490 B.R. 898, 904-05 (9th Cir. BAP 2013). The underlying factual findings are reviewed for clear error. In re Dyer, 322 F.3d at 1191.

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. See TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011) (citing United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

**DISCUSSION**

Guillory advances a number of arguments, some raised for the first time on appeal. These include the assertion that the Guillory Damages Award was based on an impermissible pro-rata allocation of fees; she contends that counsels' timesheets did not distinguish the time spent on the discharge injunction violative and non-violative Collection Action causes of action. As a result, she urges remand for a re-calculation of the Guillory Damages Award. She also argues that the Guillory Motion for Damages was time-barred under the doctrine of laches.

Guillory, however, did not raise either of these issues before the bankruptcy court; thus, we do not address them on appeal. See Mano-Y&M, Ltd. v. Field (In re The Mortg. Store, Inc.), 773 F.3d 990, 998 (9th Cir. 2014).

**A.  Although the Contempt Order was a judgment within the meaning of Civil Rule 54, the Guillory Motion for Damages was not "time-barred."**

Guillory first argues that because the Contempt Order was a judgment, Civil Rule 54 required that the Debtors file a motion for fees and costs within 14 days of entry of the Contempt Order.  She argues that the Guillory Motion for Damages, filed more than a year after the Contempt Order, therefore, was time-barred.  We disagree.

A contempt proceeding for violation of the § 524 discharge injunction is initiated by motion in the bankruptcy case as a contested matter under Rule 9014.  Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1191 (9th Cir. 2011).  A contempt determination is deemed final for the purposes of appeal.  See In re Dyer, 322 F.3d at 1186.  Under Civil Rule 54(a),[4] a judgment includes an "order from which an appeal lies."  Thus, the Contempt Order was a "judgment" subject to Civil Rule 54.

Civil Rule 54(d)(2) provides that a claim for attorney's fees must be made by motion within 14 days after the entry of judgment, but includes a limitation on this requirement where: "the substantive law requires those fees to be proved at trial

---

[4]  Civil Rule 54 is made applicable in bankruptcy cases by Rules 7054 and 9014.

7

as an element of damages."

The Guillory Motion for Damages sought recovery of fees and costs in the Collection Action and the Discharge Violation Proceedings only as actual damages sustained by the Debtors as a result of the discharge violation. The fees awarded constituted compensatory damages; they fell outside the scope of Civil Rule 54(d)(2) and were not subject to the procedural requirements of that rule.[5] As a result, the Guillory Motion for Damages was not time-barred.

The bankruptcy court further found that Guillory suffered absolutely no prejudice from the timing of the Motion for Damages. On this record, we agree. Once the Contempt Order issued, Guillory was on notice that sanctions would follow. At the hearing on contempt, the bankruptcy court made this clear, and Debtors' counsel expressly reserved the Debtors' rights to sanctions. The Contempt Order then more formally preserved the Debtors' rights. Guillory could not reasonably assume that the Debtors would pursue and obtain a contempt determination, but then stop short of recovering actual damages. Guillory's argument as to the delay is also disingenuous. As the bankruptcy court observed and the record confirms, the delay resulted from De Vine's assertion of § 523 counterclaims against the Debtors. On this record, the gap in time between the Contempt Order and the Motion for Damages does not reflect

---

[5] Even if the Guillory Damages Award was subject to Civil Rule 54(d)(2), the bankruptcy court was well within its discretion to enlarge the time to file the motion pursuant to Rule 9006. The record is consistent with the conclusion that, if necessary, the bankruptcy court implicitly did so.

8

unscrupulous conduct or any nefarious motive.

**B.    Fees and costs included in the Guillory Damages Award.**

Guillory next argues that the bankruptcy court erred when it included in the Guillory Damages Award fees incurred in the Collection Action and for reopening the bankruptcy case. She contends that the only appropriate fees were those incurred to enforce the Bankruptcy Code and that an appropriate award should not include fees to reopen the bankruptcy case to pursue the contempt proceeding.

If a bankruptcy court finds that a party willfully violated the discharge injunction, it may award sanctions in the form of compensatory damages, including attorney's fees. Espinosa v. United Student Aid Funds, Inc., 553 F.3d 1193, 1205 n.7 (9th Cir. 2008), aff'd, 559 U.S. 260 (2010); In re Dyer, 322 F.3d at 1195. Here, the fees incurred in the Collection Action constituted damages that flowed from the discharge injunction violation; had De Vine - aided by Guillory's representation – not commenced and then continued to litigate the Collection Action, the Debtors would not have incurred attorneys fees and costs in defending the discharge violative causes of action. And, to the extent that the bankruptcy court subsequently deemed two of the six state court causes of action non-violative of the discharge injunction, counsel accounted for that by requesting only 66% of the fees and costs incurred.

It is true that reopening the bankruptcy case was not required to consider a discharge injunction violation. Bankruptcy counsel's time itemization reflects minimal fees and costs of $1,044.30 in relation to reopening the case, while

9

state court counsel's time itemization includes no fees or costs in connection with the motion to reopen.  Thus, even if the fees incurred to reopen the case were improperly included as compensatory damages, the Damages Award reflected a built-in discount that accounted for more than those fees.  As was true with state court counsel, the Debtors requested only 66% of bankruptcy counsel's fees.  Error, if any, was harmless.

**C.    Entry of the Damages Award only against Guillory.**

Guillory complains briefly that the bankruptcy court failed to explain the entry of the Damages Award solely against her, when the Debtors moved for an award against both her and De Vine.  The record belies Guillory's complaint.  At the final hearing, however, Debtors' counsel clarified that the Guillory Motion for Damages related only to Guillory, as the Debtors had already obtained their requested relief against De Vine. Guillory was present at the hearing; her complaint on this point is meritless.

**D.    Whether the Guillory Damages Award provided an impermissible double recovery or unfair windfall.**

Finally, Guillory argues that the bankruptcy court abused its discretion by twice awarding the same fees and costs as damages.  We agree in part.  The awards do not constitute an impermissible double recovery or unfair windfall.  In the Guilory Motion for Damages, the Debtors initially sought an award against De Vine and Guillory based on joint and several liability.  In light of the award of $53,077.51 against De Vine, however, the Debtors eventually clarified that they sought relief only as to Guillory; this avoided a double recovery by

10

the Debtors.  That the Damages Award includes damages already awarded against De Vine reflects intended joint and several liability among Guillory and De Vine for a portion of the Debtors' damages, or $20,822.50.  It is of no moment that the awards were entered separately and individually against the co-contemnors.  Apparently Guillory does not appreciate that she is neither jointly nor severally liable with De Vine for the fees and costs incurred by the Debtors in defending against the counterclaims – a not insignificant difference of $32,255.01.

We also conclude, however, that the Guillory Damages Award is ambiguous.  It is not facially clear that Guillory is jointly and severally liable with De Vine; any third party, including a hypothetical judgment purchaser, would not appreciate from the face of either award that any shared liability exists.  Understanding this critical fact would require reading the Guillory Motion for Damages and the transcript of the September 2014 hearing.  Guillory is entitled to an award that is clear on its face.  To the extent De Vine pays the Debtors on account of their damages award against him, they cannot recover against Guillory.[6]

As a result, we VACATE the Guillory Damages Award and REMAND to the bankruptcy court for the limited purpose of entering an order that clearly states that Guillory's liability is joint and several with that of De Vine under the prior contempt award to the extent of $20,822.50.

---

[6] We take no position as to what rights De Vine might have against Guillory in such a case.

11

**CONCLUSION**

Based on the foregoing, we AFFIRM the bankruptcy court's decision to award damages, but VACATE the award and REMAND for the bankruptcy court to clarify that the Guillory Damages Award is joint and several with the Debtors' damages award against De Vine.