
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: DEMAS WAI YAN, | 14-16937 |
| Debtor, | D.C. No. 3:14-cv-00085-RS |
| DEMAS WAI YAN, | |
| Plaintiff-Appellant, | ORDER AND MEMORANDUM* |
| v. | |
| TONY FU; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted April 27, 2016**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN and RAWLINSON, Circuit Judges, and GARBIS, Senior District Judge.***

Demas Yan ("Yan") appeals from the decision of the district court affirming the bankruptcy court's dismissal of his complaint in one of a series of lawsuits related to his bankruptcy. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1), and we affirm.

The lawsuit at issue was filed by Yan in state court and removed by Appellees to the bankruptcy court. Yan contends that the alleged causes of action accrued postpetition and are, therefore, not properly under the jurisdiction of the bankruptcy court.

With certain exceptions not applicable here, a bankruptcy estate includes all legal and equitable interests in property held by the debtor at the time of filing, including all causes of action the debtor could have brought outside bankruptcy. *In re Jess*, 169 F.3d 1204, 1207 (9th Cir. 1999) (citing 11 U.S.C. § 541(a)). A claim is defined broadly as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). All of Yan's initial substantive allegations, incorporated by reference

*** The Honorable Marvin J. Garbis, Senior United States District Judge for the District of Maryland, sitting by designation.

into each of his causes of action, clearly indicate that his claims are based on wrongdoing that occurred before the time of the bankruptcy filing, even though other damage was alleged to have occurred postpetition. The bankruptcy court granted Yan the opportunity to amend the complaint to allege with specificity only postpetition claims. Yan did not contest removal, did not amend his claims, and did not request remand to state court.

Reviewing the district court's decision de novo, *Barriento v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011), we agree that the claims as alleged accrued prepetition. The claims were "sufficiently rooted in the prebankruptcy past," and are properly included as property of the bankruptcy estate under § 541. *Segal v. Rochelle*, 382 U.S. 375, 380 (1966). Accordingly, the district court's affirmance of the bankruptcy court was appropriate.

Although Yan did not raise his argument about subject-matter jurisdiction until now, a "challenge to a federal court's subject-matter jurisdiction may be made at any stage of the proceedings, and the court should raise the question *sua sponte*." *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (relying on *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). "Bankruptcy courts have subject matter jurisdiction over proceedings 'arising under title 11, or arising in or related to cases under title 11.'" *In re Wilshire Courtyard*, 729 F.3d 1279, 1285 (9th Cir.

3

2013) (quoting 28 U.S.C. § 1334(b)). Since Yan's causes of action, as alleged, arose from prepetition activities, and thus, are "property of the estate" under § 541, the bankruptcy court had subject matter jurisdiction over the removed lawsuit.

In their joint answering brief, Appellees requested that pursuant to Federal Rule of Appellate Procedure 38, we impose sanctions on Yan for filing a frivolous appeal. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "An appeal is considered frivolous if the result is obvious or the appellant's arguments are wholly without merit." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1417 (9th Cir. 1990). Because the request for sanctions in the Appellees' joint answering brief does not provide Yan sufficient notice, we will allow him a reasonable opportunity to respond to the request. *See In re George*, 322 F.3d 586, 588 (9th Cir. 2003) (per curiam); *see also Gabor v. Frazer*, 78 F.3d 459, 459-60 (9th Cir. 1996) (noting that the Advisory Committee Notes to Federal Rule of Appellate Procedure 38 state that a request made under Rule 38 in an appellate brief does not provide the opposing party sufficient notice).

Accordingly, within 14 days after this memorandum disposition is filed, Yan shall show cause in writing why we should not award attorneys' fees and double costs to the Appellees under Rule 38 because the appeal is frivolous. Appellees may file a reply within 14 days after service of Yan's response.

**AFFIRMED**.

Appellees' Request for Judicial Notice in Support of Appellees' Joint Answering Brief is **GRANTED**.