**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 15 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: RICHARD STEPHEN KVASSAY,<br><br>Debtor,<br>------<br>RICHARD STEPHEN KVASSAY,<br><br>Appellant,<br><br>v.<br><br>ROBERT V. KVASSAY, Trustee of the Kvassay Family Trust dated 02/26/1993; RUSSAKOW, GREEN & TAN, LLP,<br><br>Appellees. | No. 14-60041<br><br>BAP No. 13-1418<br><br>MEMORANDUM* |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher and Pappas, Bankruptcy Judges, Presiding

Submitted June 10, 2016**
Pasadena, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD and HURWITZ, Circuit Judges, and RESTANI,[***] Judge.

Appellant Richard Kvassay (Richard) appeals the decision of the Bankruptcy Appellate Panel (BAP) to affirm the bankruptcy court's dismissal of Richard's adversary proceeding against Robert Kvassay as trustee of the Kvassay Family Trust (Robert). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

Richard's complaint alleged that Robert violated the bankruptcy court's automatic stay after Richard filed for Chapter 7 bankruptcy. On July 3, 2013, Robert electronically filed a Notice of Motion and Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and served the motion on Richard. On July 15, Robert received a Notice to Filer of Error and/or Deficient Document from the bankruptcy court notifying him that his motion had been filed under an incorrect event code and advising him to re-file the document under the correct code. Robert re-filed the motion the following day on July 16. Richard then filed a First Amended Complaint (FAC) on July 30, 2013.

The bankruptcy court granted the motion to dismiss without leave to amend because: (1) the FAC was untimely; (2) Richard did not oppose the motion to

---

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

dismiss; and (3) the original complaint failed to state a plausible claim for relief. The BAP agreed and affirmed.

"A bankruptcy court's decision to dismiss an action for failure to state a claim is reviewed de novo, as is its interpretation of the bankruptcy code." *Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1188 (9th Cir. 2011) (citation omitted).

The bankruptcy court did not erroneously dismiss Richard's adversary action. The FAC was untimely. Federal Rule of Bankruptcy Procedure 7015, which governs amended and supplemental pleadings in bankruptcy adversary proceedings, adopts Federal Rule of Civil Procedure (FRCP) 15. FRCP 15 allows a party to "amend its pleading once as a matter of course within," "21 days after service of a motion under Rule 12(b), (e), or (f)." Richard contends that the 21-day deadline started running on July 16, 2013, when Robert re-filed his motion to dismiss. FRCP 15 does not state "21 days after filing," but instead "21 days after service." Fed. R. Civ. P. 15. And nothing in the Bankruptcy Code, the accompanying Bankruptcy Rules, or the local bankruptcy rules requires parties to re-serve motions that must be re-filed due to an electronic filing error. Richard does not contend that he was not properly served on July 3, 2013. The FAC, which

3

was filed on July 30, was untimely and could not be filed as a matter of course without leave of court.

**AFFIRMED**.